IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SAMUEL ALLAN McCORMICK, # 284527, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:16cv786-MHT |
| ) | (WO) |
| CHRISTOPHER GORDY, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus filed by state inmate Samuel Allan McCormick ("McCormick") on May 20, 2016.  Doc. No. 1.[1]  McCormick presents claims challenging the constitutionality of his 2012 convictions in the Circuit Court of Covington County for the offenses of sexual abuse of a child under the age of 12 years and enticement of child for immoral purposes.

McCormick styled his petition as a "Petition for the Great Writ of Habeas Corpus by a Person Unlawfully Imprisoned."  Doc. No. 1 at 1.  In it, he insisted – as he has in all subsequent pleadings – that he was proceeding under "§ 15-21-1 et seq., Ala. Code 1975, and its corollary statutes."  *Id.*  On October 6, 2016, in compliance with *Castro v. United States*, 540 U.S. 375 (2003), this court entered an order notifying McCormick that – notwithstanding the way he styled

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action.  Page references are to those assigned by CM/ECF.  McCormick originally filed his petition in the United States District Court for the Northern District of Alabama.  On September 13, 2016, that court transferred the case to this court.  *See* Doc. No. 24.

his petition or the statute under which he purported to proceed – the court intended to treat his petition as a petition for writ of habeas corpus under 28 U.S.C. § 2254.[2]  Doc. No. 28 at 1-2. It directed McCormick to inform the court whether he wished to proceed under 28 U.S.C. § 2254 on the claims in his original pleading, amend his petition to assert any additional claims under § 2254, or withdraw his petition. *Id*. at 2.  The court cautioned McCormick that his failure to file a response in compliance with its order would result in his case's proceeding as an action under 28 U.S.C. § 2254 with the court considering only issues raised by his original pleading. *Id*. at 2-3.  McCormick failed to file a response in compliance with this court's October 6, 2016 order.

The respondents (Doc. No. 5) contend that McCormick's petition is time-barred by the one-year federal limitation period applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d).  After reviewing the pleadings, evidentiary materials, and applicable law, the court concludes that no evidentiary hearing is required and that McCormick's petition should be denied as untimely.

## II.   DISCUSSION

*AEDPA's Limitation Period*

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] The proper manner for a state prisoner to challenge a state judgment of conviction in the federal district courts is through a petition for writ of habeas corpus under 28 U.S.C. § 2254. S*ee, e.g., Figueroa v. Rivera*, 147 F.3d 77, 81 (5th Cir. 1998), citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973).

2

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

  On May 12, 2012, a Covington County jury found McCormick guilty of sexual abuse of a child under the age of 12 years and enticement of child for immoral purposes, violations of 1975 Ala. Code §§ 13A-6-69.1 and 13A-6-69, respectively. On June 20, 2012, the trial court sentenced McCormick to concurrent terms of 10 years' imprisonment for each conviction.

  McCormick appealed, and the Alabama Court of Criminal Appeals affirmed his convictions and sentence in a memorandum opinion issued on August 23, 2012. Doc. No. 5-5. McCormick did not apply for rehearing in the Alabama Court of Criminal Appeals or seek certiorari review in the Alabama Supreme Court. On September 11, 2013, the Alabama Court of Criminal Appeals entered a certificate of judgment in the case. Doc. No. 5-6.

  On March 18, 2015, McCormick filed a *pro se* petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure challenging his convictions and sentence. *See* Doc. No. 5-8 at 12-48. On November 23, 2015, the trial court summarily denied McCormick's Rule 32 petition. Doc. No. 5-7 at 2; Doc. No. 5-10. McCormick did not appeal.

Because, on direct review, McCormick filed no application for rehearing in the Alabama Court of Criminal Appeals, he was precluded from seeking certiorari review in the Alabama Supreme Court and, as a further consequence, in the United States Supreme Court. *See Brown v. Hooks*, 176 Fed. App'x 949, 951 (11th Cir. 2006); *see also* Ala.R.Ala.P. 41(a); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002). By operation of law, then, McCormick's conviction became final on September 11, 2013 – i.e., when the Alabama Court of Criminal Appeals entered its certificate of judgment in the direct-appeal proceedings. Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period for McCormick to file a petition for writ of habeas corpus under 28 U.S.C. § 2254 began to run on that date. Absent statutory or equitable tolling, that limitation period expired on September 11, 2014.

*Statutory Tolling*

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." As indicated above, McCormick filed a Rule 32 petition in the trial court on March 18, 2015. However, that filing had no tolling effect under § 2244(d)(2), because AEDPA's one-year limitation period expired eight days earlier, on October 21, 2010. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year federal statute of limitations has expired, it does not toll the statute because no time remains to be tolled).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)-(D) do not provide safe harbor for McCormick such that AEDPA's limitation period commenced on some date other than September 11, 2013. There is no evidence that any unconstitutional or illegal State action impeded

4

McCormick from filing a timely § 2254 petition.  *See* 28 U.S.C. § 2244(d)(1)(B).  McCormick presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).  Finally, he submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence."  *See* 28 U.S.C. § 2244(d)(1)(D).

*Equitable Tolling*

The limitation period in federal habeas proceedings may be equitably tolled on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  As the Supreme Court has reaffirmed, a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Equitable tolling is an extraordinary remedy applied only sparingly.  *Logreira v. Secretary Dept. of Corr.*, 161 Fed.App'x 902, 903 (11th Cir. 2006).  The burden of establishing entitlement to equitable tolling rests with the petitioner.  *Hollinger v. Sec'y Dep't of Corrs.*, 334 Fed.App'x 302, 306 (11th Cir. 2009).  Here, McCormick presents no basis for equitable tolling.  His failure to do so forecloses any claim of entitlement to that extraordinary remedy.

For McCormick, AEDPA's one-year limitation period for filing a § 2254 petition expired on September 11, 2014.  Because he did not file his § 2254 petition until May 20, 2016, his petition is untimely.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before December 1, 2016. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 17th day of November, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge