IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

SAMUEL ALLAN McCORMICK,          )
                                 )
     Petitioner,                 )
                                 )      CIVIL ACTION NO.
     v.                          )       2:16cv786-MHT
                                 )           (WO)
CHRISTOPHER GORDY, Warden,       )
Limestone Correctional           )
Facility, et al.,                )
                                 )
     Respondents.                )

*OPINION AND ORDER*

Petitioner Samuel Allan McCormick, a state inmate, is before the court on his *pro se* motion, filed under Federal Rule of Civil Procedure 60(b)(4), for relief from this court's November 2016 final judgment denying his 28 U.S.C. § 2254 habeas petition without an evidentiary hearing. He argues that the United States District Court for the Northern District of Alabama, where he originally filed his habeas petition, determined that he was entitled to an evidentiary hearing on his petition when it transferred the petition to this court, in the Middle District of

Alabama, for disposition under 28 U.S.C. § 2241(d). For the reasons that follow, this court will deny McCormick's Rule 60(b)(4) motion.

I.  BACKGROUND

McCormick filed his habeas petition in the United States District Court for the Northern District of Alabama on May 20, 2016. In his petition, he challenged his June 2012 state-court convictions and sentences for sexual abuse of a child under the age of 12 years and enticement of a child for immoral purposes. After the respondents filed an answer asserting among other defenses the one-year limitation period in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d), the Northern District court found the case ripe for summary disposition and ordered him to show why his habeas petition should not be summarily dismissed for the reasons argued by the

2

respondents. McCormick then filed pleadings attempting to avoid dismissal of his petition.

On September 13, 2016, the Northern District court entered an order transferring McCormick's habeas petition to the Middle District of Alabama, finding that, although he was incarcerated within the Northern District, his convictions arose from a county within the Middle District. The transfer order stated:

> "In this *habeas* action pursuant to 28 U.S.C. § 2254, the petitioner challenges his convictions [for] sexual abuse of a child under the age of 12 years and enticing a child in the Circuit Court of Covington County, Alabama. Although this court has jurisdiction over the petition due to petitioner's incarceration at the Limestone Correctional Facility, 28 U.S.C. § 2241(d) provides that where two federal districts within a state have jurisdiction by virtue of, respectively, the place of the petitioner's confinement and the place of his conviction, the court where the petition was filed may 'in the exercise of its discretion and in furtherance of justice ... transfer the application to the other district court for hearing and determination.' Covington County is located in the Northern Division of the Middle District of Alabama. 28 U.S.C. § 81(b)(1). Because the records and witnesses relating to the conviction are likely located in that district, it is hereby ORDERED that

3

> this action be and hereby is TRANSFERRED to the United States District Court for the Middle District of Alabama."

Transfer Order (doc. no. 24) at 1-2.

McCormick's case was docketed in this court, and, on November 17, 2016, after reviewing the pleadings, the United States Magistrate Judge entered a recommendation that his habeas petition be denied without an evidentiary hearing and dismissed as untimely filed outside of 28 U.S.C. § 2244(d)'s one-year limitation period. On November 30, 2016, the recommendation was adopted by this court, and a final judgment was entered for the respondents.

McCormick filed his Fed. R. Civ. P. 60(b)(4) motion on March 26, 2018, arguing that this court's November 2016 judgment denying his habeas petition without an evidentiary hearing is void because, he says, the Northern District court, in transferring the petition to this Middle District court, decided he was entitled to an evidentiary hearing on his claims. According to

McCormick, the Northern District court "conclusively determined that McCormick had overcome <u>ALL</u> statutory and procedural bars for summary disposition and determined McCormick was entitled to an evidentiary hearing and TRANSFERRED McCormick's petition in furtherance of justice for hearing and determination ... to be conducted by the United States Middle District Court of Alabama." Rule 60(b) Motion (doc. no. 90) at 3. McCormick maintains this court's judgment dismissing his habeas petition as time-barred without holding an evidentiary hearing "intentionally contradict[ed] [Northern District court]'s decision" and is therefore void. *Id*. at 4.

## II.  DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to move for relief from a final judgment in a civil case on the following grounds:

> "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

5

evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b). McCormick seeks relief under subpart (4), arguing that this court's November 2016 judgment denying his habeas petition is void.

If a court "act[s] without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a remedy sought in opposition to them, even prior to a reversal." *Elliott v. Peirsol's Lessee*, 26 U.S. 328, 329 (1828). There is no void judgment in McCormick's case.

McCormick's allegations notwithstanding, the Northern District court's order transferring his habeas petition to this Middle District court did not, in any

manner, constitute a determination that he had overcome applicable statutory and procedural bars warranting summary disposition, much less a determination that the claims in his petition were required to be considered on their merits after an evidentiary hearing. A habeas petition for relief under § 2254 may be filed in either "the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). "The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application," *id.*, to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." *Id.*

Although his arguments are mostly conclusory, McCormick appears to seize upon the transfer order's use of the words "for hearing and determination,"

language that appears in § 2241(d), to argue that the Northern District court determined he was entitled to an evidentiary hearing in this Middle District court on his habeas claims. However, such an unreasonable construction of this language would mean that any habeas action transferred under § 2241(d) necessarily includes an implicit finding by the transferring court that the petitioner is entitled to an evidentiary hearing. Under McCormick's argument, it would further mean that any habeas action transferred under § 2241(d) includes an implicit finding by the transferring court that the petitioner has overcome all applicable statutory and procedural bars that might warrant summary disposition by the transferee court. McCormick's argument is meritless.

The Northern District court merely transferred his petition to this Middle District court for further proceedings. There was no finding that an evidentiary hearing was necessary or that AEDPA's limitation period

does not apply to render McCormick's petition time-barred.

In making his argument, McCormick quotes from a magistrate judge's recommendation in the United States District Court for the Northern District of Texas, stating that, "'The legislative history of [§ 2241(d)] makes clear that a district court should transfer a petition to the district in which petitioner was convicted and sentenced if the transferring court is of the view that an evidentiary hearing will be necessary before final determination can be had.'" *Davis v. Davis*, 2017 WL 4772713, at *1 (N.D. Tex. 2017) (Horan, M.J.) (quoting *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968) (Weigel, J.)), recommendation adopted by *Davis v. Davis,* 2017 WL 4736739 (N.D. Tex. 2017) (Fish, J.). This language does not mean that a federal court transferring an action under § 2241(d) has necessarily made a finding that the petitioner is entitled to an evidentiary hearing on his claims.

Rather, it takes into account that, when deciding whether to exercise its discretion to transfer a habeas petition under § 2241(d) to the federal district within which the State court that convicted and sentenced the petitioner is located, a federal court should consider, among other factors, whether it appears a hearing might be necessary to resolve the claims in the petition, since the records and witnesses relating to the conviction are likely to be located in the district of conviction.  Transfer under § 2241(d) does not require, or imply, a finding that an evidentiary hearing is necessary, and it most certainly does not constitute a ruling as to any statutory and procedural bars that might ultimately warrant summary disposition of the petition.

Relief under Rule 60(b) is a remedy available only in extraordinary circumstances, and a party seeking relief under the rule bears a high burden.  *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Saunders*

*v. United States*, 380 F. App'x 959, 964 (11th Cir. 2010); *Santa v. United States*, 492 F. App'x 949, 951 (11th Cir. 2012). McCormick's argument that the Northern District court determined he had overcome applicable statutory and procedural bars and that he was entitled to an evidentiary hearing on his petition is baseless. His case was properly transferred to this court under § 2241(d), and this court's subsequent judgment denying his habeas petition without an evidentiary hearing is not void.

***

Accordingly, and as the contention therein lacks merit, it is ORDERED that Samuel Allan McCormick's motion for relief from final judgment under Fed. R. Civ. P. 60(b)(4) (Doc. No. 90) is denied.

DONE, this the 25th day of March, 2019.

                                        /s/ Myron H. Thompson
                                        **UNITED STATES DISTRICT JUDGE**