IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL ALLAN McCORMICK, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:16cv786-MHT |
| | ) | (WO) |
| CHRISTOPHER GORDY, Warden, | ) | |
| Limestone Correctional | ) | |
| Facility, and LUTHER | ) | |
| STRANGE, Attorney General | ) | |
| for the State of Alabama, | ) | |
| | ) | |
|     Respondents. | ) | |

## OPINION AND ORDER

This case is before the court on petitioner Samuel Allan McCormick's motion to file an out-of-time appeal.

On March 25, 2019, this court entered an order denying McCormick's motion for relief from final judgment under Fed. R. Civ. P. 60(b)(4), by which he had sought relief from this court's November 2016 judgment denying his 28 U.S.C. § 2254 habeas petition

without an evidentiary hearing. McCormick did not appeal from this court's March 25 order.

On August 23, 2019, McCormick filed the pending motion to file an out-of-time appeal pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure.* As grounds for his motion, he states that he did not receive a copy of the court's March 25 order and that it was not until July 2, through an order of the Eleventh Circuit Court of Appeals denying a petition for writ of mandamus he filed, that he first learned this court had denied his Rule 60(b)(4) motion. *See* Motion to File an Out-of-Time Appeal (doc. no. 109) at 2. McCormick requests that this court grant his August 23 motion and reopen the time to file an appeal. According to McCormick: "No party will be prejudiced by

---

* Although McCormick's motion was date-stamped as received in this court on August 29, 2019, the court, under the prison mailbox rule, deems the motion to have been filed on the date McCormick represents that he delivered it to prison authorities for mailing, i.e., August, 23, 2019. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

2

the allowance of this out-of-time appeal. However, refusal to grant this motion will prejudice McCormick." *Id*.

Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides that a party who wants to appeal a judgment or order entered in a civil case must file a notice of appeal with the clerk of the district court within 30 days after entry of the judgment or order appealed from. Rule 4(a)(6) of the Federal Rules of Appellate Procedure authorizes the district court to reopen the time for filing an appeal upon a motion, where all the following conditions are satisfied:

> "(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> "(B) the motion is filed 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

> "(C) the court finds that no party would be prejudiced."

Fed. R. App. P. 4(a)(6).

Considering McCormick's August 23 motion in light of the requirements of Rule 4(a)(6), this court finds the factual assertions in it are credible and therefore finds he did not receive, within 21 days after entry, notice of this court's March 25 order denying his Rule 60(b)(4) motion. *See* Fed. R. App. P. 4(a)(6)(A). Further, the court is satisfied, and therefore finds, that no party would be prejudiced by the reopening of the time for him to file an appeal from the March 25 order. *See* Fed. R. App. P. 4(a)(6)(C).

Rule 4(a)(6)(B) provides an outer time limit of 180 days, after entry of the judgment or order sought to be appealed, for moving to reopen the time to appeal. Under this outer time limit, McCormick would have until September 21, 2019, to move to reopen the time to appeal from this court's March 25 order. He filed this

motion on August 23, 2019--well within the 180-day limit.

Under Rule 4(a)(6)(B), McCormick must also have moved to reopen the time to appeal within 14 days after he received notice, under Federal Rule of Civil Procedure 77(d), of the entry of this court's March 25 order, if that time is earlier than 180 days after entry of that order. McCormick states that he learned of this court's March 25 order denying his Rule 60(b)(4) motion through statements by the Eleventh Circuit in its July 2 mandamus order. *See* Motion to File an Out-of-Time Appeal (doc. no. 109) at 2. Thus, it could be argued that McCormick had actual notice of this court's March 25 order by way of those statements by the Eleventh Circuit. McCormick filed his motion to reopen the time to appeal on August 23--more than 14 days after entry of the Eleventh Circuit's July 2 order. However, the 14-day limit in Rule 4(a)(6)(B) applies where "the moving party receives *notice under*

*Federal Rule of Civil Procedure 77(d)* of the entry." (Emphasis added.) And Rule 77(d) provides that notice of entry of the judgment or order is to be served by the clerk of the district court, or by a party as specified in Fed. R. Civ. P. 5(b). *See* Fed. R. Civ. P. 77(d). Because any notice of this court's March 25 order that may have been contained in the Eleventh Circuit's July 2 order was not served by the clerk of the district court, or by a party as specified in Rule 5(b), such notice was not notice for purposes of Rule 77(d). Because McCormick has received no notice under Rule 77(d), the 14-day limit in Rule 4(a)(6)(B) does not bar his August 23 motion to reopen the time to appeal. And because his August 23 motion was filed within 180 days after the entry of this court's March 25 order, the August 23 motion is timely under Rule 4(a)(6)(B).

***

Accordingly, because McCormick's motion to reopen the time to appeal satisfies all the requirements of Rule 4(a)(6), it is ORDERED that petitioner Samuel Allan McCormick's motion to file an out-of-time appeal (doc. no. 109) is granted, and thus the time for petitioner McCormick to file an appeal is reopened.

*Petitioner McCormick is advised that any notice of appeal of this court's order of March 25, 2019, denying his Rule 60(b)(4) motion, must be filed within 14 days after entry of this order, which has been entered today. See Fed. R. App. P. 4(a)(6).*

DONE, this the 3rd day of September, 2019.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE